UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-03372-KK-ASx** | Date: | August 28, 2026 |
| Title: | ***Amanda Marceaux v. Costco Wholesale Corporation et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(In Chambers) Order GRANTING Plaintiff's Motion for Leave to Amend [Dkt. 8]**

## I.
## INTRODUCTION

On October 7, 2024, plaintiff Amanda Marceaux ("Plaintiff") filed the operative Complaint against Costco Wholesale Corporation ("Costco"), Costco Wholesale Membership, Inc., Rosa Rojas ("Rojas"), and Does 1 through 100 (collectively, "Defendants"), in San Bernardino County Superior Court, asserting negligence and premises liability claims related to injuries she allegedly sustained while shopping at defendant Costco's warehouse on October 15, 2022. ECF Docket No. ("Dkt.") 1-2, Ex. A, State Court Complaint ("Compl."). On June 18, 2026, defendant Costco removed the action to this Court. Dkt. 1, Notice of Removal ("NOR"). On July 20, 2026, Plaintiff filed the instant Motion to Remand, or in the Alternative, for Leave to Amend and Remand, and Request for Monetary Sanctions ("Motion"). Dkt. 8, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, to the extent Plaintiff seeks leave to amend, the Motion is **GRANTED**.

## II.
## BACKGROUND

On October 7, 2024, Plaintiff filed the operative Complaint in San Bernardino County Superior Court against Defendants, raising personal injury claims arising from an incident with

defendant Costco's employee on October 15, 2022 in a Costco warehouse in Fontana, California. Compl. at 10. Specifically, Plaintiff asserts the following claims:

**Cause of Action One:** General Negligence; and
**Cause of Action Two:** Premises Liability.

Id. at 7.

On December 10, 2024, defendant Costco filed its Answer in state court. Dkt. 1-3, Ex. B, Costco Answer. On May 30, 2025, defendant Rojas[1] filed her Answer in state court. Dkt. 1-4, Ex. C, Rojas Answer.

On July 1, 2025, counsel for Defendants demanded the dismissal of defendant Rojas from the complaint through a meet-and-confer letter, and eventually moved for sanctions and defendant Rojas's dismissal in state court on July 24, 2025. Dkt. 1-1, Declaration of Sevan Gobel ("Gobel Decl.") ¶ 6. The motion was denied on February 2, 2026. Id.

Defendants continued to demand defendant Rojas's dismissal and moved once more for sanctions and dismissal on April 23, 2026. Id. All the while, the parties were engaged in discovery disputes. Dkt. 8-1, Declaration of Jeanette J. Hahn ¶¶ 5-13. The parties met and conferred on April 20, 2026, after which Plaintiff's counsel withdrew her discovery motions with intent to file a new set "consistent with the facts of the incident as now understood." Id. ¶ 13.

On May 15, 2026, Plaintiff proposed dismissal of defendant Rojas in exchange for waiving costs and withdrawing the pending motion for sanctions. Id. ¶ 14. On May 18, 2026, Defendants' counsel agreed. Id. The Request for Dismissal of defendant Rojas was thus filed on May 19, 2026. Gobel Decl. ¶ 7.

On June 18, 2026, defendant Costco removed the action to this Court, invoking its diversity jurisdiction under 28 U.S.C. § 1332(a). NOR ¶¶ 23-31.

On July 20, 2026, Plaintiff filed the instant Motion seeking remand, or alternatively, leave to amend to substitute Guadalupe Rey Jaime for a previously designated Doe Defendant. Mot.

On July 30, 2026, defendant Costco filed an Opposition to the Motion. Dkt. 12, Opposition ("Opp."). On August 6, 2026, Plaintiff filed a Reply. Dkt. 13, Reply.

This matter, thus, stand submitted.

///

///

///

---

[1] It appears Plaintiff voluntarily dismissed defendant Rojas on May 19, 2026. Dkt. 1-5, Ex. D, Request for Dismissal.

## III.
## PLAINTIFF IS GRANTED LEAVE TO AMEND

### A. APPLICABLE LAW

Under Federal Rule of Civil Procedure 15(a) ("Rule 15"), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Without a showing of prejudice or one of the factors in Foman, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### B. ANALYSIS

As an initial matter, Plaintiff seeks leave to amend before any deadline to amend. Hence, the Rule 15(a) presumption in favor of granting leave to amend applies. See id.

In addition, all Foman factors weigh in favor of amendment. First, the Court does not find any evidence of undue delay, bad faith, or dilatory motive. Instead, Plaintiff seeks to identify a Doe Defendant who was previously identified in the Complaint. Mot. at 19; see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith."). Further, the Court does not find any evidence of undue delay. See generally Reply. Moreover, "delay alone is insufficient to provide grounds for denying leave to amend." Abels v. JBC Legal Grp., P.C., 229 F.R.D. 152, 156 (N.D. Cal. 2005).

Second, Plaintiff has not repeatedly failed to cure deficiencies by amendments previously allowed. In fact, Plaintiff has not previously amended the Complaint.

Third, there is no undue prejudice to defendant Costco. In fact, the Scheduling Conference is nearly three weeks away and thus no schedule has been set for discovery or trial. See Dkt. 10. Moreover, Plaintiff does not seek to add any new claims, but simply seeks to identify and provide relevant factual allegations regarding a previously named Doe Defendant. Mot. at 19-22. Thus, the "proposed amendments will not 'radically shift' the nature of this case nor would they require Defendant [] to undertake 'an entirely new course of defense.'" Janahi v. Zuberi, No. CV 21-03975-VAP-PLAx, 2022 WL 2101739, at *4 (C.D. Cal. Jan. 25, 2022) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Finally, granting Plaintiff leave to amend is not futile. In its Opposition to the Motion, defendant Costco does not argue that amendment would be futile; it merely argues Plaintiff can still obtain complete relief without amending the complaint because defendant Costco may be held responsible for its employee's actionable conduct under a theory of respondeat superior. See Opp. at 14. But whether a defendant is necessary for the plaintiff to obtain complete relief is an entirely separate inquiry. Moreover, "the futility of amendment factor weighs in favor of denying leave to amend where 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim.'" Chang v. Cashman, 723 F. Supp. 3d 772, 783 (N.D. Cal.

2024) (alteration accepted) (quoting Ross v. AT&T Mobility, LLC, No. 19-CV-06669-JST, 2020 WL 9848733, at *4 (N.D. Cal. Dec. 18, 2020)). Courts rarely deny leave to amend on this ground, and ordinarily "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Id. (citation modified); see also Pizana v. SanMedica Int'l LLC, 345 F.R.D. 469, 488 (E.D. Cal. 2022) (granting leave to amend where the allegations in the proposed amended complaint were "insufficient to state a plausible claim" because the court could "'conceive of additional facts, if formally alleged,' that would support a claim" (quoting United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011) (citation modified))). Here, the Court cannot conclude adding Guadalupe Rey Jaime as a defendant would be futile.

Thus, Plaintiff sufficiently meets Rule 15(a)'s liberal standard for amendment. Accordingly, to the extent Plaintiff's Motion seeks leave to amend the Complaint, Dkt. 9, the Motion is **GRANTED**.

## IV.
## CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's Motion seeking leave to amend is **GRANTED**.

Plaintiff shall file a First Amended Complaint ("FAC") **no later than seven (7) days from the date of this Order**. Plaintiff shall also lodge a redlined copy of the FAC identifying all edits to the previously filed Complaint. **Plaintiff is expressly warned that failure to comply with this Order may result in dismissal of this action without prejudice for failure to prosecute and comply with Court orders. Fed. R. Civ. P. 41(b).**

Additionally, because naming Guadalupe Rey Jaime as a defendant appears to divest this Court of diversity jurisdiction, defendant Costco is **ORDERED TO SHOW CAUSE** in writing within seven (7) days of the filing of the FAC as to why the instant action should not be remanded. Failure to comply will result in remand of this action. Alternatively, the parties may file a stipulation to remand. **Defendant Costco is expressly warned that failure to comply will result in this action being remanded for lack of subject matter jurisdiction and may also result in sanctions.**

**IT IS SO ORDERED**.